# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
February 14, 2002 Session

# KAREN MOUNTJOY, ET AL. v. CITY OF CHATTANOOGA

### Appeal from the Chancery Court for Hamilton County
No. 99-0132     Howell N. Peoples, Chancellor

### FILED APRIL 23, 2002

### No. E2001-02017-COA-R3-CV

D. Michael Swiney, dissenting

I respectfully dissent from the Majority's Opinion in this case. As I believe there is no material evidence in the record to support the jury's verdict that the City retaliated against Ms. Mountjoy for filing a complaint for sexual harassment against her supervisor, I would reverse the judgment and enter judgment in favor of the City.

As discussed by the Majority, the first issue raised by the City is as follows:

Was there material evidence to support the jury's verdict that the City retaliated against Ms. Mountjoy for filing a complaint for sexual harassment against her supervisor?

The Majority holds there is material evidence in the record to support the jury's verdict that the City retaliated against Ms. Mountjoy. I respectfully disagree.

This Court in *Austin v. Shelby County Government*, 3 S.W.3d 474, 480 (Tenn. Ct. App. 1999) clearly set forth the four elements Plaintiff must satisfy to sustain a claim for retaliatory discharge under the THRA as follows:

(1) that the plaintiff engaged in an activity protected by the statute; (2) that the defendant had knowledge of the plaintiff's exercise of protected activity; (3) that the defendant thereafter took an employment action adverse to the plaintiff; and (4) that a causal connection existed between the protected activity and the adverse employment action.

I believe there is no material evidence supporting the jury's decision that elements three and four are satisfied. What cannot be ignored is that the jury returned a verdict in favor of the City on Plaintiff's charge of sexual harassment. In short, the jury found Plaintiff failed to prove she was sexually harassed in violation of the THRA. It is undisputed from the record that the City did not require Plaintiff to transfer to the new job. It is undisputed that the City simply gave Plaintiff a choice to return to her original position where, according to the jury, she had not been sexually harassed, or to take the transfer. Plaintiff chose the transfer rather than returning to her original position, a position in which, according to the jury, she had not been sexually harassed.

As held by the United States Supreme Court, a "tangible employment decision requires an official act of the enterprise, a company act." *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 762, 118 S. Ct. 2257, 141 L. Ed.2d 633 (1998). If the City had insisted Plaintiff transfer to the lesser paying job, there would have been material evidence to support the jury's verdict. The City, however, made no such demand. The City only gave Plaintiff an additional option. The City gave Plaintiff the option of returning to a position in which, according to the jury, she had not been sexually harassed, or transferring to a lesser paying job. Plaintiff chose to leave her position where she had not been sexually harassed and transfer to the lesser paying position. As argued by Plaintiff in her brief, she felt she "had no choice in making this decision as she was afraid of repercussions if she went back to work under John Henderson." Plaintiff assumed future wrongful acts by the City through its employee, John Henderson, would occur. Plaintiff, however, "has 'an obligation not to assume the worst, and not to jump to conclusions too fast.'" *Wilson v. Firestone Tire & Rubber Co.*, 932 F.2d 510, 515 (6th Cir. 1991)(citations omitted). Plaintiff assumed that the City might sometime in the future take an employment action adverse to her. The only "act" the City actually "took" was to give Plaintiff an additional option. I believe the act of the City to give Plaintiff an additional option without requiring her to choose that additional option can in no way be an act that is "adverse to the [P]laintiff. . . ."

I believe the Majority's decision punishes the City for giving Plaintiff an option to transfer if she wished to do so. In light of the Majority's Opinion, the City would have been better off not to have offered Plaintiff the transfer option but instead to have insisted she either remain in the position where it believed she had not been sexually harassed, a belief validated by the jury's verdict, or quit. Rather than do this, the City gave Plaintiff a third option which Plaintiff voluntarily chose. Therefore, I respectfully dissent as I believe there is no material evidence in the record to support the jury's verdict that the City retaliated against Plaintiff as there is no material evidence showing that giving Plaintiff an additional option was an employment action *adverse* to Plaintiff.


_____
D. MICHAEL SWINEY, JUDGE